T.C. Summary Opinion 2001-180


UNITED STATES TAX COURT


GAIL MARIE HARMON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5884-00S.                    Filed December 10, 2001.


Gail Marie Harmon, pro se.

H. Clifton Bonney, Jr., for respondent.


DINAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $2,621 for the taxable year 1996.

The issue for decision is whether petitioner is entitled to various rental activity expense deductions and miscellaneous itemized deductions which were disallowed by respondent.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Livermore, California, on the date the petition was filed in this case.

For the taxable year in issue, petitioner filed with her Federal income tax return a Schedule E, Supplemental Income and Loss, for two rental properties. In the statutory notice of deficiency, respondent determined that petitioner was not entitled to deduct a portion of the expenses claimed with respect to these rental properties, as detailed below, because it had not been established that any of the amounts disallowed both were paid during the taxable year and were ordinary and necessary business expenses. The rental activity expenses which remain at issue[1] are the following:

---

[1]Respondent has conceded the notice of deficiency's adjustment to automobile and travel expenses with respect to the
(continued...)

|                          | Forestville Property | | Oakland Property | |
| --- | --- | --- | --- | --- |
|                          | Claimed | Allowed | Claimed | Allowed |
| Cleaning and maintenance | $4,073 | $405 | $2,186 | $186 |
| Repairs | 4,153 | 55 | | |
| Supplies | 1,741 | 1,488 | | |

Petitioner also claimed miscellaneous itemized deductions for travel and transportation expenses of $6,373.  Respondent determined that petitioner was entitled to deductions of only $4,946.[2]

A taxpayer generally must keep records sufficient to establish the amounts of the items reported on her Federal income tax return.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. However, in the event that a taxpayer establishes that a deductible expense has been paid but that she is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We cannot estimate a deductible expense, however, unless the taxpayer presents evidence

_____

[1](...continued)
Forestville property.

[2]Respondent's adjustment to the miscellaneous itemized deductions pursuant to the sec. 67(a) limitation is computational and will be resolved by the Court's holding on the issue in this case.

sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969). As relevant here, section 274(d) provides that, unless the taxpayer complies with certain strict substantiation rules, no deduction is allowable for traveling expenses under section 212 or for expenses with respect to automobiles. To meet the strict substantiation requirements, the taxpayer must substantiate the amount, time, place, and business purpose of the expenses. Sec. 274(d); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46006 (Nov. 6, 1985).

The first rental expenses at issue are the cleaning and maintenance expenses for the Forestville property. To substantiate these expenses, petitioner provided a summary reconstructed from bridge toll receipts. The summary listed each time period when petitioner was allegedly at the property after crossing the bridge, along with an amount she allegedly paid individuals--whoever happened to be in the neighborhood at the time--to help her with cleaning and maintenance. She admits that the time periods are estimates; nearly all of them are rounded to the nearest hour. Although she testified that the amounts of the expenses are based upon an hourly wage of $15 on each occasion,

the summary itself reflects amounts which vary and which average $16.14 per hour.

The next expenses at issue are the repair expenses for the Forestville property. Petitioner's substantiation again consists of a summary; this one was allegedly compiled from a number of "sticky notes" allegedly kept contemporaneously with the alleged amounts paid for the repairs. Petitioner was unable to identify the individuals listed as completing the work other than by their first names.

The next expenses at issue are for the supplies for the Forestville property. Petitioner provided a copy of a sticky note indicating $160 paid for "paint downstairs" and $93 for "supplies".

The final rental expenses at issue are the cleaning and maintenance expenses for the Oakland property. Petitioner provided a summary which she reconstructed from landfill receipts: The summary shows expenses allegedly incurred working at the property prior to her visits to the landfill. From memory, she estimated the amount of time she spent working (exactly 0, 1, 2, or 3 hours on each occasion) and listed an expense of $10 per hour to pay a neighborhood individual to assist her with yard work and cleaning. Petitioner also provided a summary relating to alleged housecleaning expenses, as well as

a note on a piece of paper listing $89 for "roto rooter", $200 for "fence", and $240 for "painting".

We find all of the evidence produced by petitioner to substantiate the various rental expenses to be unreliable. Furthermore, petitioner has failed to provide a sufficient basis upon which to estimate the expense amounts, despite her attempt to reconstruct the expenses based upon available records. We do not find credible petitioner's testimony that she hired someone from the neighborhood to perform services for her on nearly every visit she made to the properties, and that she paid all these individuals in cash, never producing a written record of the payment. As for the few written records she did produce-- primarily the sticky notes upon which her summary was based--the records contained too little information and did not appear to be contemporaneously maintained with the payment of the expenses. We sustain respondent's determination with respect to the rental expenses.

Finally, to substantiate the disallowed miscellaneous itemized deductions, petitioner provided a summary listing various travel and transportation expenses. Petitioner testified that the expenses were incurred in travel to several different investment properties. We again find this to be unreliable evidence and to be insufficient substantiation, especially with respect to those expenses subject to the strict substantiation

rules of section 274(d). Petitioner also provided copies of credit card statements which list expenses matching those of the summary with respect to certain airline tickets and car rentals for travel to Texas. She testified that she traveled to Texas on several occasions to inspect certain property located there. However, her reason for inspecting the property was family-oriented because the property was held in a trust in which family members, not petitioner, were trustor and trustee. Therefore, we hold that these expenses were personal expenses which are nondeductible pursuant to section 262(a).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.